IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK F. COURTNEY, | § | |
| | § | |
| Defendant Below, | § | No. 258, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | Court Below—Superior Court |
| STATE OF DELAWARE, | § | of the State of Delaware, |
| | § | in and for New Castle County |
| Plaintiff Below, | § | Cr. ID No. 0812017319 |
| Appellee. | § | |
| | § | |

Submitted: October 20, 2015
Decided: December 14, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

# **O R D E R**

This 14th day of December 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below,[1] it appears to the Court that:

(1)    The appellant, Mark F. Courtney, filed this appeal from the Superior Court's denial of his motion for correction of sentence under Superior Court Criminal Rule 35 ("Rule 35"). The State of Delaware has filed a motion to affirm

---

[1] Courtney's motion for leave to respond to the motion to affirm is denied. Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

the judgment below on the ground that it is manifest on the face of Courtney's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, in July 2009, Courtney pled guilty to Sexual Exploitation of a Child and Unlawfully Dealing in Child Pornography. Courtney was sentenced to a total period of twenty years of Level V incarceration, suspended after two years for decreasing levels of supervision. Courtney did not appeal the Superior Court's judgment.

(3) On September 11, 2012, the Superior Court found that Courtney had violated his probation by failing to comply with his sex offender treatment program, using the internet for non-employment purposes, and possessing and viewing pornography. Courtney was sentenced to a total period of eighteen years of Level V incarceration, suspended after one year for six years of decreasing levels of supervision. Courtney did not appeal the Superior Court's judgment.

(4) On April 13, 2015, Courtney filed a motion for correction of sentence. Courtney claimed that the length of his probation could not exceed the two year limit set forth in 11 *Del. C.* § 4333 because the Superior Court did not determine on the record that a lengthier period of probation would reduce the likelihood that he would commit a sex offense in the future. In an order dated April 29, 2015, the Superior Court denied the motion. The Superior Court found that Courtney was not amenable to a shorter period of probation, the sentence was appropriate for all

of the reasons stated at sentencing, Courtney failed to provide any support for his claim, and the nature of Courtney's crimes against children necessitated lengthy community supervision. This appeal followed.

(5) In his opening brief, Courtney contends that the Superior Court incorrectly treated his motion like a motion for reduction of sentence and failed to state any valid reasons on the record to impose probation longer than the two year limit set forth in 11 *Del. C.* § 4333. A transcript of the September 11, 2012 violation of probation ("VOP") hearing was prepared, at Courtney's request, for the appeal. The transcript of the VOP hearing reflects that the Superior Court was disturbed by Courtney's failure to comply with the sex offender treatment program, viewing of pornography, and possession of pornography.

(6) We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion.[2] To the extent the claim involves a question of law, we review the claim *de novo*.[3] The length of probation for any violent felony (which includes Sexual Exploitation of a Child and Unlawfully Dealing in Child Pornography)[4] is limited to two years.[5] This limitation does not apply to "t]o any sentence imposed for a conviction of any sex offense as defined in § 761 of this title if the sentencing court determines on the record that a longer period of

---

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*
[4] 11 *Del. C.* § 4201(c).
[5] 11 *Del. C.* § 4333(b)(1).

3

probation or suspension of sentence will reduce the likelihood that the offender will commit a sex offense or other violent offense in the future."[6]

(7)     Courtney attacks the manner in which his sentence was imposed.[7]  A motion to correct a sentence imposed in an illegal manner must be brought within ninety days after the sentence is imposed.[8]  Courtney filed his motion more than ninety days after imposition of the VOP sentence.  An untimely motion to correct a sentence imposed in an illegal manner will only be considered in exceptional circumstances or if the Department of Correction files an application under 11 *Del. C.* § 4217.[9]  Having reviewed the record, we do not discern any exceptional circumstances that would permit consideration of Courtney's claim.    The Department of Correction did not file an application under 11 *Del. C.* § 4217.  The Superior Court did not err in denying Courtney's motion for correction of sentence.

---

[6] 11 *Del. C.* § 4333(d)(2).

[7] *See, e.g.*, *Guinn v. State*, 2015 WL 3613555, at *1 (Del. June 9, 2015) (holding defendant who claimed enhanced sentence was illegal because the Superior Court did not ask him to admit or deny previous conviction as required by 11 *Del. C.* § 4215(a) was contending that sentence was imposed in illegal manner); *McLeaf v. State*, 2007 WL 2359554, at *1 (Del. Aug. 20, 2007) (holding motion for correction of illegal sentence based on contention that habitual offender hearing occurred outside of defendant's presence was a motion for correction of a sentence imposed in an illegal manner).

[8] Super. Ct. Crim. R. 35(a), (b).

[9] Super. Ct. Crim. R. 35(b).

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice